UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KRISTA L. MARANDINO            :
          Plaintiff,            :

     v.

PERFORMANT RECOVERY INC.;      :      Civil Action No.:
          Defendants.            :

## COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### II. Parties

3. Plaintiff Krista L. Marandino is a natural person who resides at 29 South Barry Avenue, Eagleville, Pa 19403.

4. Defendant Performant Recovery Inc. (hereafter "Performant") is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 333 N. Canyons Pkwy., Ste. 100, Livermore, CA 94551-9480. Performant regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

### III. Factual Allegations

5. The debt alleged by defendant to be plaintiff's debts is, upon information and belief, a federal student loan debt incurred by plaintiff to pay for her education.

6. In 1986, to deal in part with the lingering effects of the recession that began earlier in the 1980s, the Federal Government established an orderly and mandatory procedure to facilitate repayment and rehabilitation of federal student loans that were in default.

7. The terms of this program for borrowers whose loans were in default included:

   a. The right to have monthly payments adjusted to one that is "reasonable and affordable based on the borrower's total financial circumstances." 20 U.S.C. § 1078-6 (a)(1)(B).

   b. The right to have the loan rehabilitated if the adjusted monthly payments are made timely in nine of ten consecutive months. *Id.* (a)(1)(A); and

   c. Once such nine payments have been made, to have the fact of the prior default removed from the borrower's credit report. *Id.* (a)(1)(C).

8. The reasons for this program, particularly in times of economic instability are evident for both the borrower and the lender.

9. Creditors and those person(s) servicing defaulted loans and/or collecting on defaulted loans are obligated to notify borrowers of their rights under the Federal student loan rehabilitation program, including calculating of "reasonable and affordable" payments, and the route to rehabilitation of both the loan and her credit, or are not to make representations contrary to the mandatory terms of that program.

10. Without disclosure of these terms, federal student debtors would not know their rights under the program, will either remain in default and with a blot on their credit or continue to endeavor to make payments in excess of what they are required to do.

11. Pursuant to 34 CFR §§682.405, 685.211(f), and/or 674.39, Defendant must offer

plaintiff to rehabilitate the federal loan constituting the debt at issue by a payment plan of nine (9) payments within ten months (nine (9) consecutive payments for Perkins loans) and to permit a monthly payment to plaintiff that is reasonable and affordable, based upon document review supporting plaintiff's financial profile.

12. On or about March 2011, defendant Performant, by and through Jane Doe 1, called plaintiff to collect the debt.

13. Plaintiff and Performant agreed to payment of $80.00 monthly towards rehabilitation of the debt by plaintiff.

14. In or around March 2013, plaintiff granted Performant authorization to electronically debit her bank account.

15. Thereafter in 2013, Performant contacted plaintiff and, as a result thereof, lowered her rehabilitation payment to $75.00.

16. On or about January 2014 Performant contacted plaintiff and, as a result thereof, lowered her rehabilitation payment to $65.00 monthly.

17. On or about November 2014 Performant failed to electronically debt plaintiff's November payment.

18. Plaintiff discovered in late December 2014 that the December payment had not been electronically debited by Performant.

19. Plaintiff promptly covered the December payment with a check mailed to and later cashed by Performant.

20. On or about January 2015 plaintiff received notice from her employer that a garnishment notice was received by it regarding plaintiff's debt.

21. Thereafter plaintiff contacted Performant and discovered that her November 2014 payment had not been debited by Performant resulting in an concocted determination of default by defendant.

22. Upon information and belief, Performant collected far in excess of the lawful number of nine (9) rehabilitation payments based upon a commission schedule, in complete disregard of Federal statute and regulations.

23. 20 U.S.C. § 1078-6(a)(1)(A) and 34 C.F.R § 682.405(a)(i) require that rehabilitation payments are to be voluntary reasonable and affordable payments over nine out of ten months.

24. Defendant failed to comply with the rehabilitation regimen as a result of a lack of adequate practices and procedures to ensure compliance with the federal code and defendant therefore also failed to send plaintiff written notice of Wage garnishment pursuant to 20 U.S. Code § 1095a (2).

**IV.   Causes of Action**

### COUNT I – Violations of the FDCPA

25. The allegations above are re-alleged and incorporated herein by reference.

26. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The above contacts made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28. Defendants, by their conduct as described above, violated the FDCPA including but not limited to the following:

   a) §1692d, Engaged in conduct the natural consequence of which is to abuse a person;

   b) §1692e(2)(A)  The false representation of the character, amount, or legal status of any debt;

   c) §1692e(10)  false and deceptive means to collect the debt regarding non-compliance with the CFR for rehabilitation of loans;

   d) §1692f Otherwise using unfair or unconscionable means to collect or attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

   d. Equitable relief compelling compliance with federal rehabilitation law cited herein;

   e. Such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury.

Dated: February 23, 2015

RC 935
ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200